IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JUSTIN CLARK, §
 §
　　　　Movant, §
 §
VS. § NO. 4:17-CV-231-A
 § (NO. 4:15-CR-271-A)
UNITED STATES OF AMERICA, §
 §
　　　　Respondent. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Justin Clark ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered the motion, the government's response, and pertinent parts of the record in Case No. 4:15-CR-271-A, styled "United States of America v. Oscar Vasquez, et al.," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On December 9, 2015, movant was named with a number of other defendants in a one-count indictment charging him with conspiracy to possess with intent to distribute a controlled substance, in

violation of 21 U.S.C. § 846. CR Doc.[1] 60. On January 27, 2016, movant pleaded guilty to the indictment. CR Doc. 97. On June 6, 2016, movant was sentenced to a term of imprisonment of 293 months. CR Doc. 260; CR Doc. 262. Movant did not appeal.

II.

Ground of the Motion

Movant asserts three grounds in support of his motion, all alleging ineffective assistance of counsel. In his first ground, movant says that his attorney failed to file a notice of appeal, despite having been requested to do so. Doc.[2] 1 at fourth page (bearing typewritten "Page 5" notation). In his second ground, he says that his counsel was ineffective for failing to raise on appeal that the two-level enhancement movant received was improper. Doc. 1 at fifth page (bearing typewritten "Page 6" notation). And, in his third ground, movant says that his counsel was ineffective for having failed to object to the presentence report for failing to include a reduction based on mitigating role in the offense "and/or pursuing same on direct appeal." Doc. 1 at sixth page (bearing typewritten "Page 7" notation). Notably, the motion is not signed, although the form clearly requires the

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:15-CR-271-A.

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

2

"Signature of Movant." Doc. 1 at twelfth page (bearing typewritten "Page 13" notation). See Rule 2(b)(5) of Rules Governing Section 2255 Proceedings for the United States District Courts (requiring signature under penalty of perjury).

III.

Standard of Review

A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of

habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial

4

process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

As noted, supra, movant failed to sign the motion under penalty of perjury. Therefore, all relief must be denied. Nevertheless, the court has considered the grounds of the motion and finds that they would fail in any event.

In his first ground, movant makes the conclusory statement that his counsel "failed to file a notice of appeal upon my instructions to do so." Doc. 1 at fourth page (bearing typewritten "Page 5" notation). He does not provide any details, such as when the request was made and in what circumstances, much less state that the request was timely made. The record reflects that movant was made aware of his right to appeal and had

discussed it with his attorney. CR Doc. 371 at 15-16. Despite having been apprised of the deficiencies in his motion by the government's response, movant has failed to file a reply. Thus, the court does not need to consider the affidavit of movant's counsel, but merely notes that counsel says that movant affirmatively determined not to appeal.

In his second ground, movant complains that his counsel failed to perfect an appeal on the ground that the two-level enhancement movant received under U.S.S.G. § 2D1.1(b)(1) was improper. The record reflects that such a ground would have been frivolous. According to the presentence report, the offense involved firearms and coconspirators confirmed that movant possessed a firearm during the conspiracy and actually "shot up" a game room where illegal substances were distributed. In addition, related unindicted coconspirators and coconspirators possessed firearms during the conspiracy that involved movant. CR Doc. 134, ¶ 50. Movant objected and the probation officer submitted an addendum to the presentence report that clarified the reasons for holding movant responsible for use of firearms. CR Doc. 154 at 2. Specifically, movant was a distributor of drugs and frequently maintained contact with coconspirators and codefendants who possessed firearms during the conspiracy. Id. Movant persisted in the objection and the court overruled it at

the sentencing hearing, finding that movant's coconspirators and codefendants used and possessed firearms during their drug-trafficking activities and it was reasonably foreseeable to movant that they would do so, bearing in mind that firearms are tools of the drug-trafficking trade for protection. CR Doc. 371 at 5-6.

In his third ground, movant complains that his counsel failed to object because movant should have received a reduction in base offense level based on mitigating role in the offense. Movant provides no facts or analysis in support of this argument. His conclusory allegations of deficient performance of counsel are insufficient to support any relief. Miller, 200 F.3d at 282. The record reflects that such an objection would have been frivolous in any event as the presentence report, adopted by the court, states that movant did not qualify for a mitigating role reduction. CR Doc. 134, ¶ 51. Movant admitted in his factual resume that from February to May 2015, he received approximately one pound of methamphetamine on a weekly basis that he then sold. CR Doc. 98 at 2.

V.

Order

The court ORDERS that all relief sought in the motion under 28 U.S.C. § 2255 be, and is hereby, denied.

7

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED May 4, 2017.

_____
JOHN McBRYDE
United States District Judge